LEMMON, Justice,
concurring.
In order to maintain an exception of no cause of action in this case (especially without allowing an opportunity to amend), the court of appeal necessarily adopted as a categorical rule the theory that never, under any circumstances, does an automobile dealer have a duty to refrain from turning over the keys to an intoxicated purchaser of a car.
When a lender of a car turns over the keys to a driver who is so highly intoxicated that he is incapable of driving, the lender may be held liable under some circumstances for injuries caused immediately thereafter by the intoxicated driver. Notwithstanding that the lender remains the owner of the car during the borrower’s use, the same type of theory of liability may be applied to some degree to the lessor or seller of a car, depending on the circumstances. It is the act of placing a highly intoxicated driver on the road, with full knowledge of his condition and with control over the vehicle which is to be driven, that forms the basis of the theory of liability. The question of duty in this type of case is a fact-sensitive determination and should be addressed at a trial on the merits, rather then by an exception of no cause of action.